**LIM HEUNG MAN, Appellant**

**v.**

**AMERICAN SAMOA GOVERNMENT, Appellee.**

High Court of American Samoa
Appellate Division

November 16, 1995

Before KRUSE, Chief Justice, RICHMOND, Associate Justice, ALARCON,* Acting Associate Justice, TAUANU`U, Chief Associate Judge, ATIULAGI, Associate Judge.

---

\* Honorable Arthur L. Alarcon, Senior Judge, United States Court of Appeals for the Ninth Circuit, serving by designation of the Secretary of the Interior.

Counsel: For Appellant, Togiola T.A. Tulafono
 For Appellee, Fainu`ulelei F. Ala`ilima-Utu, *Assistant
 Attorney General*

Opinion:

KRUSE, C.J.:

The appellant Lim Heung Man ("Lim") was convicted by a jury of Driving Under the Influence of Alcohol, a class A misdemeanor under A.S.C.A. § 22.0707(a). He appeals his conviction claiming: (1) ineffective assistance of defense counsel, citing trial counsel's failure to object to several evidentiary matters and to adequately investigate his case; and (2) that the field sobriety tests to which he was subjected were limited by the constitutional privilege against self-incrimination.

## DISCUSSION

### I. Ineffective Assistance of Counsel.

 In order to establish ineffective assistance of counsel, the claimant must prove both that defense counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that his defense was prejudiced by counsel's substandard performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The test for prejudice requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. Any error by counsel, even if unreasonable, does not warrant setting aside judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* at 691. Finally, the standard of proof is viewed against a strong presumption of effectiveness. *Id.* at 689.

#### *A. Field Sobriety Tests*

Lim contends that trial counsel should have objected to testimony regarding field sobriety tests ("FST"), based on the lack of foundational testimony to establish the correlation between performance on the tests and intoxication. We find this claim to be factually incorrect. Officer Liu Fuifatu testified that he administered standardized FST, designed as indicators of intoxication, for which he had received formal training. (Tr. at 22-25). Furthermore, the officer testified that he had performed these FST approximately 30 times, and had testified regarding them approximately 20 times. (Tr. at 24). Contrary to Lim's claim, trial counsel did, in fact, object to the line of questioning on the ground that

68

the officer had no scientific expertise upon which to base testimony regarding the correlation between failure on the FST and intoxication. The objection was overruled by the court. (Tr. at 24).

## B. Prejudicial Comments

Lim argues that trial counsel should have objected to prejudicial testimony by the officer that he arrested Lim to "take him off the road" to prevent potential injury to others. Lim fails to state what the objection should have been, and since the testimony appears directly relevant for explaining the reasons for Lim's arrest, we see no reason why the failure to make this unknown objection should render trial counsel's assistance ineffective.

Lim further argues that trial counsel should have objected to questions by the prosecutor regarding the results of the breathalizer test for lack of foundation as to the officer's qualifications to interpret the test. In fact, trial counsel did object to the officer's testimony as being duplicative of the report generated by the breathalizer machine, which could be entered into evidence itself. (Tr. at 47-48). Furthermore, the trial counsel's decision not to raise the particular objection was likely predicated on his judgment about how much evidence he could persuade the trial court to exclude. As such, it was a matter of trial strategy and not challengeable on appeal. *Strickland v. Washington*, 466 U.S. at 690-91.

## C. The Breathalizer Machine

Lim argues that the prosecution offered the alco-sensor machine into evidence without first informing defense counsel, and that trial counsel should have moved for a mistrial, rather than stipulating to the demonstration. This argument is premised on the theory that objecting to the demonstration in front of the jury might have been prejudicial. Although the foregoing possibility gives rise to a number of interesting issues, it is sufficient for our purposes that the decision of whether to move for a mistrial rather than continuing with the empaneled jury was purely strategic, and therefore not challengeable on appeal. *Strickland v. Washington*, 466 U.S. at 690-91.

Lim further argues that he was deprived of his opportunity to confront witnesses because the testimony regarding the breathalizer machine lacked scientific foundation. At trial the parties stipulated to the fact that the operator of the machine was qualified to calibrate it, and that it was properly calibrated. Defense counsel had the opportunity to cross-examine the operator of the machine. If, as a matter of trial strategy, counsel declines to cross-examine a witness or avoids asking certain

69

questions, the defendant's right to confront witnesses is not violated. *United States v. Cree*, 778 F.2d 474, 478-79 (8th Cir. 1985).

### D. Prejudicial Effect

Even if all of the aforementioned evidence were excluded, the jury still had ample proof upon which to base a conviction. The officer testified that Lim drove on the wrong side of the road; that Lim's face and eyes were red; that his speech was slurred, that he smelled alcohol on Lim's breath; and that Lim had difficulty trying to get out of the car. Erratic driving patterns, when matched with physical symptoms of drunkenness were probably sufficient, by themselves, to convict Lim regardless of the FST and breathalizer test. Furthermore, Lim admitted to consuming two beers shortly before taking the wheel. Based on the aforementioned evidence, we see no reasonable probability that the result would have been different, even if the court had excluded all of the evidence complained of in this appeal. The appeal therefore fails the second prong of the *Strickland* test. *Strickland v. Washington*, 466 U.S. at 687.

### E. Failure to Investigate

Lim simply claims that there "appears" to be a failure on defence counsel's part to properly investigate, "based on what is found on the record." [Lim's Br. at 8]. Like a number of other factual allegations made by Lim, these claims are not supported by the record. Rather, they are presented in conclusory fashion without apparent regard to the required *Strickland* showing. They are not sufficient to make out an ineffective assistance of counsel claim.

## II. Sobriety Tests as Self-Incrimination.

Lim contends that he should have been advised that he was not required to submit to FST because of the privilege against self-incrimination in the Fifth Amendment to the United States Constitution, and the Revised Constitution of American Samoa, Article I § 6. The U.S. Supreme Court held that a traffic stop and FST is not an arrest and, therefore, *Miranda* warnings are not required, regardless of whether the suspect has a right to refuse the tests. *Pennsylvania v. Bruder*, 488 U.S. 9 (1988); *Brekemer v. Ohio*, 468 U.S. 420, 442 (1984). Furthermore, the privilege against self-incrimination is only a privilege against giving testimony or other communicative evidence against oneself, and does not protect the accused from giving real or physical evidence. *Doe v. United States*, 487 U.S. 201, 210 (1988). FST are physical evidence, not testimonial evidence, and do not violate the privilege against self-incrimination. *Pennsylvania v. Muniz*, 496 U.S. 582, 602-605 (1990) (case concerns the same three FST performed in the present case). We

70

decline Lim's rather bold and unsupported appeal to depart from these Supreme Court holdings in order to adopt an expanded and singularly held view of the privilege against self incrimination.

We AFFIRM.